DENNIS GRADDY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graddy v. Commissioner
Docket No. 379-83.
United States Tax Court
T.C. Memo 1985-166; 1985 Tax Ct. Memo LEXIS 473; 49 T.C.M. (CCH) 1142; T.C.M. (RIA) 85166; April 2, 1985. *473 Petitioner filed an altered Form 1040 on which he categorizes has wages as "Non-taxable receipts." Held, wages are subject to tax; the tampered form was not a return; additions to tax are found; and damages are awarded to the United States. Dennis Graddy, Jr., pro se. Mark E. Rizik, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121. [1] Despite a specific Order of the Court, petitioner failed to file a response to the instant Motion. At the hearing on the Motion for Summary Judgment said Motion was taken under advisement. For convenience our Findings of Fact and Opinion are combined. *475 Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1981 in the amount of $3,199.00. The petition alleges that the Commissioner erred in finding petitioner's wages to be taxable income. The petition also contains other frivolous or meritless contentions. [2]
In the Answer, respondent denied the petition allegations and alleged: (1) That the document petitioner filed is not a tax return and that, therefore, petitioner is liable for an addition to tax of 25 percent of the underpayment pursuant to section 6651(a)(1); and (2) that petitioner is liable for an addition to tax in the amount of $159.95 (i.e., 5 percent of $3,199.00) pursuant to section 6653(a)(1). Respondent also requested that appropriate damages be awarded to the United *476 States under section 6673. Petitioner filed a reply demanding that the affirmative allegations in the answer be "removed from the pleadings and that the Respondent be prevented from raising such issues" and raising or reasserting numerous frivolous contentions. We must first decide whether any genuine issue of material fact exists to prevent our summary adjudication of the legal issues in controversy. Rule 121. If summary judgment is warranted, we must then decide: (1) Whether wages earned by petitioner in 1981 are includable in his gross income for that year; (2) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1); (3) whether petitioner is liable for an addition to tax pursuant to section 6653(a); and (4) whether an award of damages pursuant to section 6673 is merited. Certain facts are not disputed. The undisputed documents supplied by respondent in an affidavit with exhibits filed in connection with the Motion [3] and the undisputed facts in the pleadings constitute the facts used for the purposes of this decision. Rule 121(b). *477 Petitioner resided in Detroit, Michigan, when the petition was filed in this case. During the 1981 taxable year, petitioner was employed by the Department of Management and Budget of the State of Michigan and receive wages totaling $18,272.29. Petitioner submitted to the Internal Revenue Service as his 1981 return an official Treasury Form 1040 which had been changed by inserting on line 23 "Non-taxable receipts." In two places in the left margin of this "form" the word "Income" is replaced by "Receipts." On lines 8a, [4] 11, 18 and 20 the word "income" is replaced by "gain" and on line 21 the word "income" is deleted. Two memoranda were attached to petitioner's purported 1981 return, one of which was styled "FORM--NON-TAXABLE RECEIPTS:." On his purported 1981 return, petitioner inserted the amount of $18,272.29 as "Wages, salaries, tips, etc." and attached a Form W-2 reflecting this amount. Petitioner subtracted the identical amount under the heading "Non-taxable receipts. *478 " The net effect of these offsetting entries was to create a zero tax liability. Since his employer had withheld against the amount paid petitioner during 1981, petitioner claimed a refund of $1,360.56. By letter on Form CSC 8-255-B dated September 10, 1982, respondent informed petitioner that the tampered form was"not acceptable as an income tax return because it does not contain information required by law, and it does not comply with Internal Revenue Code requirements." Since petitioner took no action in response to this letter, respondent issued a statutory notice of deficiency to petitioner wherein his wages were included in taxable income and a deficiency determined. The threshold issue is whether a motion for summary judgment is appropriate in this case. We conclude that it is. Rule 121. The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [5] In passing upon such a motion, the factual materials presented "must be viewed in the light most favorable to the party opposing the motion." ; *479 . Since respondent is the movant, he has the burden of proving there is no genuine dispute as to any materials fact and that a decision may be rendered as a matter of law. There is no dispute between the parties as a factual matter that petitioner received wages during 1981 in the amount of $18,272.29 as reflected on the Form W-2 which he received from his employer. The only justiciable error that petitioner alleges is that such amount is not taxable, a legal issue. Petitioner does not question and thereby concedes the authenticity of respondent's evidence attached as exhibits to the submitted affidavit. The pleadings, summary judgment motion, affidavit, and exhibits establish that there is no genuine issue as to any material fact, and we find that a decision may be rendered as a matter of law. The burden of proof is upon petitioner with respect to the deficiency *480 set forth in the statutory notice and upon respondent as to the issues raised in the answer. ; Rule 142(a). Petitioner has amply demonstrated his familiarity with the Federal income tax cases and statutes by frequent citation of same in the documents he has filed with this Court. Petitioner's frivolous contention that his wages are not taxable has been considered and rejected by this Court in numerous prior cases and merits no further discussion. Section 61; ; ; . For the reasons set forth in , on appeal 6th Cir. September 24, 1984, [6] we find that the purported "return" filed by petitioner for his 1981 tax year was not a return for purposes of sections 6011, 6012, 6072, and 6651(a)(1). The evidence is clear, and respondent has met his burden of proving that petitioner's actions in this case were deliberate, intentional, and in complete disregard of the statutes *481 and respondent's regulations. Petitioner has not alleged any reasonable cause for such failure to file and, thus, an addition to tax pursuant to section 6651(a)(1) is warranted. The addition to tax imposed by section 6651 is computed on the difference between the deficiency and the amount of tax withheld or $1,838.44. . Because petitioner did not file a return, he is subject to the maximum addition to tax under this section of 25 percent of this amount or $459.61. In determining petitioner's liability for an addition to tax pursuant to section 6653(a), we note that his frequent citation. of Federal income tax cases and statutes demonstrates familiarity with the law in this area. Additionally, in his reply, petitioner argues with reference to respondent's asserted addition to tax pursuant to section 6653(a) that he acted "after arriving to his conclusions by lengthy study and research *482 as to such rules and regulations." Based on these facts, we find that he knows of his reporting duty and how properly to report his income for tax purposes. We conclude that respondent has met his burden of proving petitioner's underpayment of tax was due to intentional disregard of rules and regulations and that an addition to tax pursuant to section 6653(a) in the amount of $159.95 is due based upon the analysis set forth in We come now to the final issue whether damages should be awarded under section 6673 for instituting this proceeding primarily for delay. Petitioner's conduct from the filing of his petition has demonstrated that his principal purpose has been to abuse the resources of this Court in order to delay the inevitable time of reckoning with respondent. For that reason, we award damages to the United States under section 6673 in the amount of $5,000.[7]
*483 An appropriate Order and Decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. For example, petitioner is not entitled to court costs and disbursements which he requests. , affd. without published opinion ; , affd. per curiam , cert. denied .↩
3. In conjunction with the Motion for Summary Judgment, respondent filed Respondent's Memorandum of Law, an affidavit of Mark E. Rizik, respondent's counsel, who has custody and control over the Commissioner of Internal Revenue's administrative files, and a number of exhibits. These exhibits include: A copy of the statutory notice sent to petitioner for the 1981 tax year; a copy of a Form W-2 issued to petitioner for 1981; a copy of petitioner's purported "return" for 1981; and a copy of a Form CSC 8-255-B letter from respondent to petitioner dated September 10, 1982. Additionally, an affidavit of Marjorie A. Wyman, respondent's employee in charge of the Illegal Tax Protestor Team at the Cincinnati Service Center for the Central Region of the Internal Revenue Service, was filed on Feb. 16, 1984.↩
4. $52.68 of "Interest gain" is reported by petitioner on line 8a. This amount is also reported on line 31 as "Adjusted gross income."↩
5. Such outside materials may consist of affidavits, interrogatories, admissions, documents, or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), .↩
6. This is one of the 23 cases set on this Court's March 5, 1984 trial calendar involving tampered Forms 1040 and referred to in , on appeal 6th Cir. Sept. 24, 1984.↩
7. Section 292 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574, and sec. 160, Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, increased the amount of damages that may be awarded under section 6673 from $500 to $5,000 for proceedings commenced after Dec. 31, 1982 or if commenced prior thereto, pending as of Nov. 15, 1984.↩